UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:   Thomas Gerard Shimota                           Case No. 23-31016

       Debtor(s).

**MEMORANDUM IN SUPPORT OF MOTION BY DEBTOR TO**

STATE OF MINNESOTA   )
                                 ) ss.
COUNTY OF DAKOTA    )

The debtor, Thomas Shimota, has chosen to proceed with the attached Writ of Prohibition or in the alterative, Writ of Mandamus directed to the Scott County District Court and Officers of the Court, and for Emergency Stay of Sale of Business, B&T Investments, LLC, May 25, 2023 Exhibit A, as to Elizabeth Shimota (**Ex A**) This Writ was filed in the Minnesota Court of Appeals as Case No. A23-0076.

The Writ is of substance, and asks that the Judgments of Elizabeth Shimota in the Orders of October 6, 2022 and December 9, 2022 be vacated.

Aside from the Writ, the debtor filed supporting documentation including First Declaration of Petitioner Thomas Shimota in support of Writ of Prohibition and Emergency Stay of Sale of Business, B&T Investments, LLC, and Exhibits 1-10, May 24, 2023 (**Ex B**) The Debtor filed a Second Declaration of Petitioner, Thomas Shimota, in support of Writ of Prohibition and Emergency Stay of Sale of Business and Property, and Exhibits 11-24, May 24, 2023 (**Ex C**)

The debtor filed a third Declaration of Petitioner, Thomas Shimota, in support of writ of prohibition and emergency and Emergency Stay of Sale of Business, B&T Investments, LLC, May 27, 2023 (**Ex D**)

Affidavit of Attorney, Craig Foss in Support of Writ of Prohibition and Stay of Sale of Business, B&T Investments, LLC, Exhibits A-C, dated May 24, 2023 (**Ex E**)

The full Writ is included, along with the three declarations, without Exhibits, and the Affidavit of Attorney, with Exhibit C, Evidence of sole ownership in Thomas Shimota, of B&T Investments, LLC only. (**Ex A-E**)

**The Debtor is not prohibited by the automatic Stay from proceeding with an Appeal**

In response, to the Debtor, Thomas Shimota's filing of the Writ, Cassandra Wolfgram, attorney for Elizabeth Shimota wrote an ex parte letter to the Office of the Clerk of the Appellate Court, Christa Rutherford-Block, stating that the *debtor* Thomas Shimota's, matters were prohibited by under the automatic stay (**Ex F**)

In her letter she stated that "the automatic bankruptcy stay generally precludes the continuation of litigation *against a debtor or the debtor's property*" See 11 USC sec. 362.   Debtor Thomas

1

Shimota adds emphasis because the pending motion in the district court, and the Writ, was not litigation *against* the debtor, but an appeal *by the debtor* as to the debtor's property.

In her letter, Cassandra Wolfgram also acknowledged receipt of an email from Thomas Shimota on May 22, 2023 that Under 11 USC Section 362 (a), creditors, such as Elizabeth Shimota, may not:

-take any action against me, the debtor, or the debtor's property, to collect any debt;

-enforce any lien on debtor's real of personal property;

-repossess any property in debtor's possession; or

- Discontinue any service of benefit currently being provided to the debtor by you.

Elizabeth Shimota and Cassandra Wolfgram were notified that a violation of these prohibitions may be considered contempt of court and be punished accordingly, and that Thomas Shimota has been sole owner of B&T Automotive, Inc. and B&T Investments, LLC its subsidiary(**Exhibit F** )

After receiving the ex parte letter of Cassandra Wolfgram, days later in the mail, the Debtor, Thomas Shimota, immediately filed letters, dated June 1, 2023, objecting to the to the ex parte letter demand to the clerk, and without waiving the objection, argued there are no prohibitions to Thomas Shimota, proceeding stating "I can provide additional research if needed" (**Ex G**).

In a follow up, letter, also on June 1, 2023, Thomas Shimota cited The Federal Rules of Bankruptcy Procedure, Rule 6009, Prosecution and Defense of Proceedings by Debtor, as authorizing him to prosecute and defend these and other proceedings, despite the Chapter 13 bankruptcy  (**Ex H** )

Apparently, without addressing Thomas Shimota's two letters, as they are not reflected in the Order, the Minnesota Appellant Court, by the honorable Matthew E. Johnson, issued an order June 2 finding that *"The automatic bankruptcy stay generally precludes the continuation of litigation against a bankruptcy debtor. See 11 U.S.C. § 362.".*  Again the emphasis is added as to prohibition as to litigation against the debtor , as opposed to litigation by the debtor as provided in the rule 11a U.S. Code Court Rule 6009 - Prosecution and Defense of Proceedings by Trustee or Debtor in Possession provides that with or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal.

It does not appear from the Order that the Minnesota Court of Appeals considered the letters of June 1, 2023, and follow-up letter of June 1, 2023, as the Order references Cassandra Wolfgram's exparte letter only. The automatic stay, which prevents numerous acts, arises upon the filing of a bankruptcy petition. 11 U.S.C. § 362(a). Section 362(a).  As the MN court of Appeals noted, on May 26, 2023, Debtor filed a petition for extraordinary writ to preclude the district court from enforcing certain orders in the underlying action brought by Elizabeth Shimota against the petitioner [Thomas Shimota].

The Filing of a Bankruptcy Petition Operates as a Stay. The relevant Code section that occasions the automatic stay, and which provides: [A bankruptcy petition] . . . operates as a stay, applicable to all entities, of . . . the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title. . . . 11 U.S.C. § 362(a)(1) (1994). Pursuant to section 362, the stay created by the filing of a bankruptcy petition is automatic and immediate.  The automatic stay provides debtors a breathing spell from creditors by preventing "all collection efforts, all harassment, and all foreclosure actions." The stay protects creditors, too, by precluding certain creditors from acting unilaterally in self-interest to obtain payment from a debtor to the detriment of other creditors. Provisions of the House and Senate Reports state:

The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. . . .

*The automatic stay also provides creditor protection.* Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debtor's assets prevents that.
Where the action was initiated against the debtor, no party to the action may appeal absent relief from the automatic stay.  But this action was initiated by Elizabeth Shimota.

Bankruptcy Rule 6009 provides in full:

With or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal. Fed.R.Bankr.P. 6009.

Rule 6009, along with Code section 362 itself, makes it clear that the automatic stay does not apply to the continued prosecution of actions by the trustee or debtor in possession. Those entities may continue or pursue litigation without leave of court (or release of stay under section 362).... Rule 6009 enables [the debtor] to prosecute his appeal without the authorization of the bankruptcy court.

With respect to Bankruptcy Rule 6009, the Rule plainly furnishes a trustee and debtor with the discretion to decide whether to litigate actions as it sets forth, and to do so with or without court approval. It is appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

**Conclusion**

While the automatic stay imposed by section 362(a) of the Bankruptcy Code does not prohibit a debtor from appealing a creditor's prepetition judgment, Debtor was directed to file a motion for relief from the stay, as he desires leave to appeal.

For all the foregoing reasons, the Court should grant Debtor relief from the automatic stay in order to pursue an appeal as the automatic stay does not apply to appeals Initiated by a Debtor.

.

DATED 6/9/2023

_____
Thomas Gerard Shimota