## STATE OF MINNESOTA
## IN COURT OF APPEALS

In re: Thomas Shimota,
                    Petitioner

vs.

Elizabeth Shimota

Respondent

PETITION FOR WRIT OF PROHIBITION,
OR IN THE ALTERNATIVE, WRIT OF
MANDAMUS DIRECTED TO THE  SCOTT
COUNTY DISTRICT  COURT AND
OFFICERS OF THE COURT, AND FOR
EMERGENCY STAY OF SALE OF BUSINESS
B&T INVESTMENTS, LLC

DISTRICT COURT CASE NO. : 70-cv-18-6768
APPELLATE COURT CASE NO. :  A23-0776

**TO: THE COURT OF APPEALS OF THE STATE OF MINNESOTA, 25 REV.
DR. MARTIN LUTHER KING JR. BLVD., ST. PAUL, MINNESOTA 55155;
JUDGE MARTIN FALLON, SCOTT COUNTY DISTRICT COURT, 200 4th Ave.
W. SHAKOPEE, MN 55379 ; ELIZABETH SHIMOTA, 9565 NORWAY HILLS
TRAIL, LAKEVILLE, MN 55044; CASSANDRA WOLFGRAM AND MATTHEW
J. SCHAAP, DOUGHERTY, MOLENDA, SOLFEST, HILLS & BAUER, PA
14985 GLAZIER AVENUE, SUITE 525, APPLE VALLEY, MN 55124**

Dated: May 25, 2023

/s/ Thomas Shimota
Thomas Shimota
2800 130th Street West
Rosemount, MN 55068
612-554-0932
tshimota@hotmail.com

1


EXHIBIT A

## STATE OF MINNESOTA
## IN COURT OF APPEALS

In re: Thomas Shimota,
          Petitioner

                              PETITION FOR WRIT OF PROHIBITION,
                              OR IN THE ALTERNATIVE, WRIT OF
                              MANDAMUS DIRECTED TO THE  SCOTT
                              COUNTY DISTRICT COURT AND
                              OFFICERS OF THE COURT, AND FOR
                              EMERGENCY STAY OF SALE OF BUSINESS
                              B&T INVESTMENTS, LLC

vs.

                              DISTRICT COURT CASE NO. : 70-cv-18-6768
                          APPELLATE COURT CASE NO. :

Elizabeth Shimota

Respondent

PETITION TO THE HONORABLE PRESIDING JUSTICE AND ASSOCIATE
JUSTICES OF THE COURT OF APPEALS, STATE OF MINNESOTA;
RESPONDENT DISTRICT COURT AND RESPONDENT OFFICERS OF THE
COURT

      Petitioner,  Thomas Shimota, requests a writ of prohibition, or in the alternative,

writ of mandamus, restraining the Scott County District Court, the honorable Judge

Martin Fallon (hereinafter Respondent Court) , and officers of the court, Cassandra

Wolfgram and Matthew J. Schapp, and the law firm of Doherty, Molenda, Solfest, Hills

& Bauer, PA (hereinafter Respondent Attorneys, and Respondent, Elizabeth Shimota,

from enforcing  the Findings of Fact, Conclusions of Law, and Order for Judgment of

October 6, 2022 (**Index  #236**)  requiring a dissolution  of the company, B&T

Investments, LLC, and ordering B&T Investments, LLC property to be  sold,  including

the property at 1401 Main Street East, New Prague, Minnesota.

      Petitioner also requests a Writ of Prohibition, or in the alternative, a Writ of

Mandamus, restraining the District  Court and its officers, from proceeding on the ex

parte Order Appointing Plaintiff [Elizabeth Shimota] Legal Representative for B&T Investments, LLC, December 9, 2022 (**Index 275**), obtained by Respondent officers of the court, as void and contrary to Minnesota law, and that the order be vacated (**Index 275**) The Order Appointing Plaintiff [Elizabeth Shimota] Legal Representative for B&T Investments, LLC was an ex parte order to enforce the October 6, 2022 order dissolving B&T Investments, LLC, and granting exclusive authority to Respondent Elizabeth Shimota to sell the business.

Petitioner, Thomas Shimota, further respectfully requests that this Court issue an emergency stay pursuant to Rule 121.01 as to the sale of the property of B&T Investments, LLC, including the building located at 1401 Main Street E. in New Prague, Minnesota as an emergency situation exists. The real property of B&T Investments is subject to a purchase and sale by use of the exparte Order of December 9, the sale of which will cause irreparable harm. An emergency exists and relief is available in the form of a stay or for a preemptory writ restraining and prohibiting the use of the exparte Order of December 9 by Respondent Elizabeth Shimota, and officers of the Court as void.

Petitioner further requests a reservation of sanctions against Respondent attorneys as the court deems just.

## Statement of the Facts Necessary to an Understanding of the Issues Presented

The crux of the matter is that the Respondent Court based on exparte submissions by Respondent attorneys, officers for the court, signed orders and decided issues that were not before it, against parties that were not sued during a the court trial held on June 21-23, 2022.

The following facts are reflected in the court record Elizabeth Shimota v. Thomas Shimota, court file no. 70-cv-18-6768 and documents submitted with the First Declaration, **Exhibits 1-10** and Second Declaration of Thomas Shimota, **Exhibits 11-24**; and Affidavit of Attorney Craig Foss Attorney to support of a writ of prohibition and stay of sale of business, B&T Investments, LLC and **Exhibits A-C.** Much of the communication between Respondent Court, Judge Martin Fallon, and Respondent Officers of the Court, Cassandra Wolfgram and Matthew Schapp (hereinafter "Respondent attorneys") are in numerous emails that are not part of the record, including a May 22, 2023 hearing on my motions before Respondent Court, pending since April 14, 2023 to Vacate Orders/fraud on the court warranting this Writ as an emergency stay.

**(Index 312-319)**

### Facts as to Plaintiff's Complaint, April 17, 2018

On April 17, 2018, summons and complaint filed by Plaintiff, Elizabeth Shimota, as sole plaintiff, against Thomas Shimota, as sole defendant (**Index 1**),

That summons and complaint prayers for relief concerned breach of contract on two alleged promissory notes desiring money judgments in excess of $200,000 based on March 1, 2004 promissory note, and a January 5, 2015 promissory note. (Index 1, See p. 10) Defendant filed an Answer and Counterclaim on 5-29-18, **Index 12**

4

**Facts as to Plaintiff's Amended Complaint, April 24, 2019**

On February 6, 2019 Elizabeth Shimota filed a motion to amend the complaint that was granted by Findings of Facts, conclusions of Law and Order, on April 19, 2019 (Index 77-96[1]).

Her Amended Summons and Complaint was filed on April 24, 2019, to add a claim for breach of fiduciary duty. **(Index 96)**

Her count 5 related to a joint membership certificate for B&T, Investments, LLC that she claimed her husband, Robert Shimota had transferred to her on November 7, 2014, 5 days before his death.

The B&T Investments, LLC owned a building in New Prague that at the time of Robert Shimota's death had a $604,000 mortgage. The Amended Complaint is attached to attorney Craig Foss' affidavit supporting this Writ as Exhibit A.

With respect to the breach of fiduciary duty, in her prayers for relief, Elizabeth Shimota requested no money damages and a "Judgement declaring that the Unanimous Written Consent of Managers/Members of B&T Investments, LLC A Limited Liability Company dated November 14, 2014 null, void and ineffective" (See Amended Complaint, p. 21).

**It was undisputed that Thomas Shimota had no knowledge of his brother's transfer of the B&T Investment, LLC certificate**

Elizabeth Shimota had never revealed to Petitioner, Thomas Shimota the joint membership certificate for B&T Investments, LLC that her husband, Robert Shimota, had signed over to her on November 7, 2014.

This was not revealed until Defendant was refinancing the bank loan 4 years later, on November 1, 2018.

The membership certificate was made out to "Robert Shimota and Elizabeth Shimota jointly with rights of survivorship" on November 7, 2014, 4

---

[1] The extent of the motion Index 77-96 is to demonstrate the proper procedure/ process to amend a complaint to add claims for relief that Elizabeth Shimota's former attorneys followed.

days before his death. It is undisputed that Elizabeth Shimota never received a sole membership certificate.

It was not until April 24, 2019, that the Plaintiff served again, only on Defendant Thomas Shimota an Amended Complaint for breach of fiduciary duty as to B&T Investments, LLC , and amended prayers for relief for 1. Judgement in favor of plaintiff in excess of $200,000, for the March 1, 2004 note, January 5, 2015 note, June 17, 2010 note and September 15, 2010 note and 2. "Judgment declaring the Unanimous Written Consent of Managers/Members of B&T Investment, LLC, A limited liability company dated November 14, 2014 null, void and ineffective" Index #96 , filed on 4-24-19. Count 2 represented injunctive relief. See Exhibit C to Craig Foss Affidavit.

*The Defendant, limited to Thomas Shimota personally, served and filed an* Answer and Counterclaim to the Amended Complaint , **Index 97**.

The only injunctive relief requested by the Plaintiff against Defendant was a . "*Judgment declaring the Unanimous Written Consent of Managers/Members of B&T Investment, LLC, A limited liability company dated November 14, 2014 null, void and ineffective*".

The Plaintiff had done a motion to Amended her Complaint, and the court made a ruling on April 17, 2019, Judge Wilton, granting the Plaintiff leave to add counts 3, 4 and 5, as the Plaintiff had specified. **See Index 94**

### Summary Judgment Decision by Judge Christian Wilton Narrows Issues

On May 20, 2019, Defendant filed for summary judgment (**Index 98-120[2]**)

Later on January 13, 2020, in his ruling on the summary judgement motion, Judge Wilton narrowed issues for trial, by dismissing counts III and IV of the Plaintiff's amended complaint, based on the unsigned notes of June 17, 2010, and September 15, 2010 (See **Index #120**, Order p. 6).

In the Summary Judgement Order by Judge Wilton, on January 13, 2020, Judge Wilton narrowed the issues even further. As to B&T Investments, LLC, Breach of Fiduciary duties, Plaintiff's count V, the court ruled that "Plaintiff argues Defendant breached his fiduciary duties to her as a member of B&T Investments, LLC, by deriving improper personal benefits from the company.

---

[2] The extent of the motion Index 98-120 is to demonstrate the proper procedure/ process to obtain an order for Summary Judgment for relief that Elizabeth Shimota's former attorneys followed.

Defendant answers that Plaintiff is not a member of B&T Investments, LLC and suffered no injury because she contributed nothing to the company. " p. 7.

The Wilton court goes on to say that "Plaintiff has demonstrated a genuine dispute regarding whether she is a member of B&T Investments, LLC. And if Plaintiff is a member, a genuine dispute exists regarding the legality of Defendant's actions in managing the company. " **Index 120, p. 7.**

The Wilton court further states that: "Although Defendant produced a document, signed only by him, purportedly establishing him as the sole member manager of B&T Investments, LLC after Robert's death, Plaintiff also provided letters from D. Scott Klemp, the attorney who drafted the organizational documents for B&T Investments, LLC, stating that prior to his death Robert transferred his membership units to himself and Plaintiff as joint tenants with right of survivorship.

Judge Wilton ruled: this places the issue of Plaintiff's membership in the LLC in genuine dispute" **Index 120 p. 7-8.**

### Dismissal with Prejudice all of Plaintiff Elizabeth Shimota's Claims

Later that year, on November 12, 2020, the court, Judge Wilton, dismissed the Plaintiff's case against Defendant with prejudice. **Index 127, 128.**

### Plaintiff Reopens Case

The Wilton court reopened on motion of Plaintiff's third attorney , Matt Little, on 3-5-2021 , by vacating the dismissal order of November, 12, 2020, Findings of Fact, Conclusions of Law and Order. Index 146.

### Plaintiff's Case Reassigned to Judge Martin Fallon

After a pretrial hearing held on April 27, 2021, **Index 148**, apparently Matt Little contacted the court, and Judge Wilton recused himself, assigning the case to the Honorable Judge Martin Fallon, in a Notice of Case Reassignment, Index 151.

### Plaintiff files Motion for Injunction for Rents from B&T Investments, LLC heard by Judge Martin Fallon

On July 26, 2021, Matt Little files a Motion for a Temporary Injunction, desiring one half of rents collected for Plaintiff. **Index 151- 158.**          Defendant filed

7

his response as a Notice of Objection to Plaintiff's Motion for Temporary Injunction, on August 3, 2021 **Index 159, 160**.

### Judge Fallon Denies Elizabeth Shimota's Injunction ruling B&T Investments, LLC is not a Party

Judge Fallon denied Plaintiff Elizabeth Shimota's request for a temporary injunction in his order of September 20, 2021. **Index 165**

In his dismissal order, Judge Fallon denied the motion for injunction, and his memorandum made it clear that there was "no show of irreparable harm" See Findings of Fact, Conclusions of Law, and Order denying Motion a Temporary Restraining Order. **Index 165**. The court again noted:

" *... Plaintiff motion requests injunctions for B&T Investments, LLC. However, B&T Investments, LLC is not a named party. The court cannot enjoin an entity that is not a party"* **Index 165**, p. 7

### Matt Little Withdraws after Denial of Injunction

On November 10, 2021, after Judge Fallon's ruling denying the injunction, Matt Little withdrew as counsel for Elizabeth Shimota. **Index #173**

This ruling denying the Injunction was clear and unequivocal, and res judicata as the law of this case.

### The Court Schedules a Bench Trial Before Judge Martn Fallon

A trial was scheduled for February 14, 2022 before the honorable Judge Fallon with no jury. Petitioner/Defendant, Thomas Shimota, waived a jury trial.

### Respondent Attorneys File Appearances in The Case and File Disparaging Motions

On December 28, 2021, 6 weeks before the trial, Respondent officer of the court Cassandra Wolfgram, filed her notice of appearance.

### Disparaging Remarks in Motions about Thomas Shimota Only Came from Respondent Attorneys, not Elizabeth Shimota

Respondent attorneys began with a barrage of motions, directed at Defendant's attorney, Craig Foss, who appeared in January 14, 2022. **(Index 177)**

8

Respondent attorney's began a campaign in their pleadings to the court to disparage, ridicule, berate, Thomas Shimota, in letters and memorandums, and declarations of attorneys and pleadings with the court.

Not one disparaging remark came from Respondent's sister-in-law, Elizabeth Shimota.

The record will reflect that not even one disparaging remark was contained in any of Elizabeth Shimota's affidavits, declarations or her testimony at the trial later held.

All of the disparaging remarks were from Attorney Cassandra Wolfgram in her emails, letters, motions, declarations, pleadings, and all of her writings to the court, through the present time.

**Judge Fallon Reserves Rulings on a Barrage of Motions by Respondent Attorneys for the Trial.**

On January 31, 2022, two weeks before trial, Respondent attorney files motions, including in limine (**Index 180**) essentially precluding Thomas Shimota from presenting any testimony or evidence.

Respondent attorneys pleadings, motions, memorandums and arguments and emails and letters to the Judge Fallon and his clerks, on and off record, that can be described as hateful and demeaning which, until her entry, there was never a campaign to disparage Defendant Thomas Shimota by Elizabeth Shimota, and vice versa.

For example, in her memorandum in support of the motion in limine, she writes : *"Beneath the multitude of pleadings in this matter, this case is straightforward. This case involves the debts of Thomas, his refusal to pay them, and his failure at managing his businesses"* ( Memorandum, **Index 181**) .

Her motions purported to preclude Defendant from any and all evidence, testimony and argument relating to his defenses or his counterclaims. This motion was denied verbally at a hearing. **Index 191**, Then since that abuse and obstruction, designed to prejudice the court against me, Cassandra Wolfgram files *Plaintiff's Objections to Defendants Witness and Exhibits list,* objecting to nearly all of Defendant's witnesses and Exhibits, on February 7, 2022. (**Index 191**)

And when that did not work, and Judge Fallon again denied the request verbally at a motion, stating objections could be made during the trial, Cassandra

9

Wolfgram filed a *Notice of Motion and Motion for Sanctions*, to "award sanctions"
against Defendant and to *"preclude any argument that the March 1, 2004
promissory note doesn't exist, and preclusion of argument that Plaintiff is not a
member of B&T Investments, LLC,* **Index 196**

Petitioner's attorney responded to these overbroad and obstructive and
abusive motions by Respondent attorneys.

**Judge Fallon Declines to Rule on the Respondent Attorneys Barrage of
Motions and Reserves the Motions for the Trial**

Respondent Judge Fallon declined to rule on any of Respondent attorneys
barrage of pretrial motions, reserving the rulings for the trial, and stating again
that objections could be made during bench trial. .

**Respondent Attorneys Never Motion to Amend the Complaint or Add B&T
Investments or B&T Automotive as Parties**

With the barrage of motions, not even one motion involved adding parties,
including B&T Automotive Inc, or B&T Investments, LLC .

With the barrage of motions, not even one of motions requested to amend the
Plaintiff's Complaint to dissolve the business, B&T Investments, LLC.

With the barrage of motions, not even one motion asked for money damages for
the breach of fiduciary duty claim.

**Pretrial Motions By Respondent attorneys Are Continuous**

In the February 11, 2022 Memorandum and Motion, Cassandra Wolfgram
also sought to preclude Defendant from his counterclaims. See 2-11-2022
Memorandum. She did an Amended motion for sanctions, 5-12-22 by Cassandra
Wolfgram, 5-12-22 **Index 215** Memoradum.

**Judge Fallon Continues Court Trial from February 14 to June 2022 with a
Date Certain.**

The trial was on a trial block , week of February 14 and Judge Fallon contacted the
attorneys to continue it to a later date that would be dedicated to the case for June
21-23, 2022.

There is still no Motion to Amend Complaint or add parties.

10

Respondent attorneys continue with a barrage of Motions and objections , and letters and emails both on and off record from January 31, 2022 to (Index 180)  to May 24, 2022 (Index 224) right up to the trial. ( See Index 80-224)

On June 21-23, a trial was held before the Respondent Court. There was no motion during the trial to add parties or causes of action or claims.

### Respondent Attorney Cassandra Wolfgram  Submits Proposed Findings Containing Causes of Action not Litigated Involving Nonparties to the Case

Following the trial Respondent attorney Cassandra Wolfgram provided a proposed findings of fact, conclusions of law, order for judgment and judgment on July 22, 2022, that contained matters that were not before the court, Judge Fallon, at the trial, June 21-23, 2022

### Respondent Judge Signs Respondent Attorneys' Proposed Findings to Dissolve B&T Investments, LLC, and Matters not Litigated at Trial.

On  October 6, 2022, Judge Fallon signed the proposed order and Judgement exactly as Cassandra Wolfgram had written it, to include an order dissolving B&T Investments, LLC, and selling Petitioner's business assets, including the New Prague building, with proceeds of sale used solely to pay Plaintiff Elizabeth Shimota's "awards".  Respondent Attorney Cassandra Wolfgram asked the Judge to decide issues that were not before him.

Using identical language to Ms. Wolfgram's proposed *ex parte*  order, Judge Fallon ruled on October 6, 2022 that orders 3 (a)-(m):

> **a.** Defendant shall refinance loan number ****1495 within 30 days of the date of this Order and release Investments' New Prague property from the mortgage to First Farmers & Merchants Bank filed as document number 937502 and the modification of mortgage to First Farmers & Merchants Bank filed as document number 1059366.
> **b.** Defendant shall file a satisfaction of judgment for the fictitious mortgage filed as document number A1066967 within 10 days of the date of this Order and provide a copy to Liza. If Thomas fails to file a satisfaction of judgment, Liza may file this Order with the Office of the County Recorder of Scott County. Liza shall be entitled to her costs for filing this Order.
> **c.** Investments is hereby judicially dissolved.
> **d.** Defendant shall provide Investments' corporate books to Liza within 5 days of this Order with a full accounting of all cash and other assets.
> **e.** Defendant is precluded from divesting, spending, using, or otherwise disposing of Investments' assets, including cash on hand.

**f.** Defendant is hereby awarded one-half of the assets of Investments. Liza is not liable for any debts of Investments.

**g.** Considering Plaintiff is a one-half owner, Plaintiff is hereby awarded **$55,573.72**, representing one-half of the known funds Thomas misappropriated from Investments.

**h.** Considering Plaintiff is a one-half owner, Plaintiff is hereby awarded **$124,120.45**, representing one-half of the rental income Investments received from 2017-2021.

**i.** Investments' New Prague property, and all tangible assets, shall be listed for sale within 45 days of this Order. Liza may choose a listing agent of her choice.

**j.** Upon sale of the New Prague property, Liza is entitled to one-half of the sale price, minus closing costs, document preparation fees, and relators fees. If Defendant fails to refinance the First Farmers & Merchants Bank mortgage and obtain a release, the payoff amount shall not be considered a closing cost or relator fee.

**k.** The remaining sale proceeds shall be applied first to Liza's judgments in this matter.

**l.** If there are any remaining funds, they will be dispersed to Defendant.

**m.** If the sale is insufficient to satisfy Plaintiff's judgment in this matter, Plaintiff may enforce the judgment against any and all of Automotive's accounts, as well as Defendant personally."

Respondent Court Judge Fallon also adopted verbatim Respondent Attorneys' order that "Automotive is determined to be an alter ego of Thomas, and the corporate veil is pierced. Liza may enforce Judgment against Automotive" p. 34, proposed order 7.

Respondent Court Judge Fallon adopted verbatim Respondent Attorney's order Cassandra Wolfgram's proposed order # 6 , "Automotive is determined to be an alter-ego of Defendant and the corporate viel is pierced. Plaintiff may therefore enforce this judgment against automotive" , Order October 6, 2022, p. 32 **Index 236**

## Judge Fallon Signs Exparte Order making Plaintiff Elizabeth Shimota Legal Representative of B&T Investments, LLC to Dissolve It

Following trial, on November 7, 2022, to be heard on December 2, 2002, Petitioner Thomas Shimota  filed post- judgment motions requesting relief pursuant to Rule 60.02 to set aside the judgment or order of the Judge as the Judge did not have jurisdiction or authority as to orders no. 3 (a)-(m) and Petitioner  did not have notice, including to amend findings, a new trial, and for a stay. (**Index 249-251**, Index 257 memorandum).

While Defendant's post-trial motions were pending, Cassandra Wolfgram sent and emails to the court with a proposed ex parte Order Appointing Plaintiff Legal Representative for B&T Investments, LLC:

**Respondent Attorney Cassandra Wolfgram emails Clerk Jack Billion on 12/5/22 the proposed Order:**

*"Consistent with my correspondence on Friday, the ex parte order is to clarify that Elizabeth Shimota has authority to act on behalf of B&T Investments, LLC including selling the real estate, pursuant to the court's October 6, 2022 order. The proposed order is necessary for Associated Bank to allow Elizabeth to pay debts (including building insurance, which is due and owing) and to make sure there are no concerns with the title company at closing of the real estate"* (email – 12-5-22)

**In the letter to Judge Fallon, December 2, 2022, she attaches a proposed order, stating that :**

*"The Court ordered B&T Investments, LLC to be judicially dissolved and divested Defendant Thomas Shimota of all authority for financial matters. Plaintiff is the sole remaining member. Associated Bank has stated that the Court's October 6, 2022 Order does not expressly, stated Plaintiff has authority to act for B&T Investments, LLC. They have requested an additional order clarifying that Plaintiff Elizabeth Shimota has authority to act and access all accounts, which is necessary for her to pay bills and complete the dissolution of the entity. "* Cassandra Wolfgram goes on *"to preclude any issues , Plaintiff requests the proposed order to expedite the closing scheduled for January 30, 2023. "*

**On December 9, 2022, Respondent Court signs Respondent attorney, Cassandra Wolfgram's Ex parte Order**

On December 9, 2022, Judge Fallon signed Cassandra Wolfgram's ex parte order, within minutes of summarily dismissing Defendant's post trial motions.

Thomas Shimota  followed all rules of procedure in his post trial motions. Respondent attorney Cassandra Wolfgram   had no motion, no pleadings and followed no rules, and cited no authority, followed none of the ex parte rules, had no motion, for this order.

13

**Respondent Attorney Represents to Respondent Judge Fallon's Clerk that
Thomas Shimota has No Rights or Authority in B&T Investments LLC**

In her email to the Clerk, Cassandra Wolfgram  further stated:

*"Thomas does not have any right or authority to demand the sales proceeds be
held in escrow. He has not made any motion to stay the judgment, nor has he
posted bond to stay the judgment. "* email December 5, 2022.  This was a
fraudulent statement to Clerk Jack Billion as, in fact a motion for stay was pending
before Judge Fallon at that time, filed by Defendant, and I did have rights.

**The Ex Parte proposed December 9, 2022 Order to Appoint Elizabeth
Shimota Legal Representative of B&T Investments, LLC was signed
verbatim by Judge Fallon**

The ex parte order provided by Respondent Attorney Cassandra Wolfgram was
signed verbatim by Judge Fallon, Indexed as "Order Other" **Index 275**

The Order Appointing Plaintiff Legal Representative of B&T Investments, LLC was
signed ex parte by Judge Fallon to enforce the  Order of October 6, 2022 , which
dissolved the business, B&T Investments, LLC, the dissolution was never litigated or
heard by Judge Fallon at the June 21-23, 2022 trial.

**The Ex Parte Order of December 9 grants Respondent Attorney's Plaintiff
Elizabeth Shimota Exclusive Authority to Wind up the Affairs of B&T Investments,
LLC**

The ex parte Order of December 9,  gave Plaintiff "exclusive authority to wind up the
affairs of B&T Investments, LLC".  However, the dissolution of the business, B&T
Investments, LLC was never before the court.

While Petitioner's  motion was pending, Plaintiff's attorney sent  emails and letter to
Judge Fallon with a *proposed* Order Appointing Plaintiff Personal Representative.  The
series of emails and letters state that the order is "solely to clarify Plaintiff's authority to
act for B&T investments"

In her letter to Judge Fallon of December 2, 2022,  she states "Plaintiff is the sole
remaining member" , which is untrue.

In her letter December 2 to Judge Fallon, she states also  that *"Associated Bank has stated
that the Court's October 6, 2022 Order does not expressly stated that Plaintff has
authority to act for B&T Investments, LLC. They [the bank] has requested an additional
order clarifying that Plaintiff Elizabeth Shimota has authority to act and access all
accounts…"*

14

In her letter she further states that "*To preclude any issues, Plaintiff also requests the proposed -order to expedite the closing scheduled for January 30, 2023.*"

In her email to the Judge on December 5, she stated "consistent with my correspondence of Friday, the exparte order is to clarify that Elizabeth Shimota has authority to act on behalf of B&T Investments, LLC, including selling the real estate"

Plaintiff's attorney in that same email states that "Thomas does not have any right or legal authority.. "

Plaintiff's attorney further states that Thomas "has not made any motion to stay judgement" which is untrue.

In my email to Judge Fallon, I stated:

> "*I have been completely shut out of the management of a building I had ownership interest in since the 1980's by Ms. Wolfgram who froze accounts.* "

On December 9, 2022 at 9:49 am Judge Fallon signed the Order denying Thomas Shimota's summarily denying all of my motions. **(Index 274)**

On December 9, 2022 at 9:51 am Judge Fallon signed the ex parte Order Appointing Plaintiff Legal Representative for B&T Investments, LLC **(Index 275)**

**Petitioner, Thomas Shimota, appeal of the Orders and Stay was Dismissed As Premature Due to Respondent Attorney's Request for Attorney Fees.**

Petitioner, Thomas Shimota, appealed the Orders to the Minnesota Court of Appeals, File no. A23-0051. Petitioner filed a Motion for Stay of the Sale New Prague Building, B&T Investments, LLC with the Minnesota Court of Appeals, File no. A23-0051.

The Court of Appeals dismissed the appeal as premature because Plaintiff's attorney had filed a letter to Judge Fallon on December 19, 2022 requesting attorney fees. The Court of Appeals dismissed the appeal as premature because the attorney fees had not been adjudicated, and the dismissed the motion for stay as moot without expressing an opinion as to the merits of the motion, attached here as ,

**No Communications from Respondent Attorneys until Recent Motion for Injunction to Restrain Petitioner, Thomas Shimota, from Contacting Anyone About the Sale**

Elizabeth Shimota or Respondent Cassandra Wolfgram had not communicated with Petitioner about the sale of the New Prague building.

Petitioner, Thomas Shimota, was planning on this writ because Elizabeth Shimota and her attorney were not proceeding with the adjudication of the attorney fees, and his appeal was perpetually premature.

Then out of the blue, on March 29, 2023, Cassandra Wolfgram emails Judge Fallon's clerk for an" emergency hearing " for an injunction against me. She claimed that "Old Republic needs an order stating" (1) Thomas has no interest in the real estate"

Cassandra Wolfgram filed an emergency ex parte Notice of Motion for Temporary Injunction regarding the real property, to enjoin me from communicating with individuals and entities involved in the contract for the sale of my property. Further facts are set forth in Petitioner supporting Declarations.

Judge Fallon held a hearing on Monday, May 22, 2023 where Petitioner Thomas Shimota argued that the orders be vacated as fraud on the court and his property be restored.

At the close of the hearing, Cassandra Wolfgram announced said that she was "withdrawing" her motion for injunction against me, which motion had been pending against me from March 29 to May 22, 2023, for two months, because "the property sold" and she no longer needed an injunction.

## Statement of the Issues

1. Are the Respondent District Court below and it's officers, Respondent Attorneys, Cassandra Wolfgram and Matthew Schapp subject to mandamus correction/ writ of prohibition when it obtains and enters void orders, and seeks to enforce them?

2. Did the Respondent district court exceeded its lawful authority, and violated Petitioners' rights to his property and business interests in B&T Automotive, Inc, and B&T Investments, LLC, who were not parties to the action, by signing Orders that were never requested in the Amended Complaint or during the court trial, and signing orders requiring that Petitioner' s business interests be dissolved and sold to pay Plaintiff's judgements?

3. Has the Respondent District court exceeded its lawful authority by ordering exparte that Plaintiff be appointed legal representative to have exclusive authority over the Petitioner's businesses, B&T Investments, LLC ?

4. Should Respondent Attorneys be Responsible as Officers of the Court for arranging the dissolution of B&T Investments, LLC exparte, and arranging to obtain the ex parte Order Appointing Plaintiff [Elizabeth Shimota] Legal Representative for B&T Investments, LLC, December 9, 2022, to marshal and sell all of the Petitioner's business interests in B&T, Investments, LLC to collect her judgements against Thomas Shimota, the only Defendant and B&T Automotive, Inc (its parent company), and B&T Investments, LLC the property

of Petitioner without notice to Petitioners, and in a manner that precluded his ability to operate a business he has run since 1988?

5. In light of Respondent attorneys' March 29 motions for injunctions restraining Petitioner and third parties from any involvement or communications relating to the pending sale; Respondent attorney's failure to respond to Petitioner's motions for fraud on the court and to vacate the orders filed April 14; and withdrawal of the injunction motions for restraining order during Petitioner's oral argument on motions for fraud on the court and to vacate the order, May 22, 2023, announcing that the property is "sold" are sanctions warranted? Does this behavior of an Respondent attorneys, officer of the court warrant reservation of sanctions?

**Argument and Statement of the Reasons Extraordinary Relief is Necessary**

Petitioners seek an extraordinary writ of either prohibition or mandamus under Civ. P. App. Pro. 120.01.

To be clear, Respondent attorneys Cassandra Wolfgram, Matthew Schapp, and Doherty Molenda, Solfest and Bauer, PA are obviously officers of the court, subject to Writ. As an appointed legal representative for B&T Investments, LLC, Plaintiff Elizabeth Shimota is also subject to Writ.

Petitioner intends that the court issue and fashion the appropriate remedy with respect to Respondent Court, and officers of the court, to include Petitioner, Elizabeth Shimota and her attorneys. This includes the writ of Mandamus and/or Prohibition and an Emergency Stay of any sale involves all of these officers.

To justify the issuance of a writ of prohibition, it must appear that (1) that the court, officer, or person against whom it issues is about to exercise judicial or quasi judicial power: (2) that the exercise of such power by such person is unauthorized by law: and (3) that it will result in injury for which there is no other adequate remedy at law. Bellows v. Erickson, 46 NW 2d, 654-654 (Minn. 1954)

Respondent attorney Cassandra Wolfgram and Respondent Court, Judge Martin Fallon arranged to and appointed Respondent Elizabeth Shimota as Legal Representative of B&T Investment, LLC.

A writ of prohibition is a "remedy of last resort." In Re Hope Coalition v. Conrad, 977 N.W.2d 651, 657 (Minn. 2022) (additional citations omitted). A writ of prohibition is used to correct an error in law by the district court when there is no other remedy available and the enforcement of the order would cause irremediable harm to the Petitioner. Id. at 657 (citing State v. Turner, 550 N.W.2d 622, 626 (Minn. 1996)). In order for the writ to issue, the petitioner must establish: (1) that the inferior court or tribunal must be about to exercise judicial or quasi-judicial power; (2) that the exercise of such power must be unauthorized by law; and (3) the exercise of such power must result in injury for which there is no adequate remedy. Id., see also In Re B. H. v. Yildirim, 946 N.W.2d 860, 866 3 (Minn. 2020); Minneapolis Star & Tribune v. Schumacher, 392 N.W.2d 197, 208 (Minn. 1986).

Likewise, a writ of mandamus is also an extraordinary writ. Pursuant to Minn. Stat. § 586.01: The writ of mandamus may be issued to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.

## II . This Court's Supervisory Powers are Necessary to Correct and Prevent Grave Injustices by the Respondent Court and its Officers of the Court

No one is supervising Respondent Attorney, nor is the Respondent court supervising Respondent Attorney or Respondent Elizabeth Shimota.   Respondent

attorney is directly involved in enforcing the orders, and representing Respondent

Elizabeth Shimota who takes instruction for her attorney as the Legal Representative of

B&T Investments. The Respondent court accepts motions of Respondent attorney on

behalf of Respondent Elizabeth Shimota denigrating, disparaging and asking to restrain

Petitioner from any involvement with his property and business, B&T Investments, LLC.

The Respondent Court takes motions under advisement that have a chilling effect on

Petitioner.

**A. Respondent Attorney Usurped Petitioner's Businesses, Obstructed the Appeal,
and then filed Injunction Motions Against Petitioner to Preclude Him for
exercising his Property Rights**

While obstructing Petitioner's appeal, dismissed January 29, 2023 by not filing an

attorney fee motion, and preventing a stay with this court of appeals, dismissed as moot,

the Petitioner recently files emergency injunction against Petitioner. Her injunction still

pending before Judge Fallon not only restrains and enjoins --- not only Petitioner ---

but restrains and enjoins *"any other person or entity acting on his [Thomas*

*Shimota's] behalf"* including but not limited to enjoining and restraining:

1. Defendant Thomas Shimota ("Thomas"), and any other person or entity
   acting on his behalf, is hereby enjoined from interfering with the
   November 30, 2022 contract for the sale of real estate ("Contract")
   commonly known as 1401 Main Street East, New Prague, Minnesota
   56071 ("Real Estate") ***

2. This injunction includes but is not limited to the following:

   a. Thomas, and any other person or entity acting on his behalf, is
      enjoined from communicating with individuals and entities involved
      in the Contract for sale of the Real Estate, including but not limited to
      ReMax/Advantage Plus, Sullivan Group,
      Scott County Abstract & Title Company, Old Republic National
      Title Insurance Company, and buyers Ronald and Lisa Hertaus***"

This matter was pending before the court, and still is, as is Petitioner's motion to vacate the orders as fraud on the court and restore his property rights. However, on May 22, 2023 during Petitioner's hearing on the fraud on the court, Respondent attorney withdrew her injunction motion, pending since March 29 saying the property is "sold". The property records do not show any sale.

**B. Writs are Necessary in the Interest of Justice and to Restore Petitioner's Property Rights.**

A Writ Is Necessary to Prevent Enforcement of Void Orders that dissolves Petitioner's business, B&T Investments, LLC and sells the business property and all assets.

A Writ is Necessary to Prevent Enforcement of the Judgement against B&T Automotive, Inc, the parent company of B&T Investments, LLC that was not a party to the action.

A Writ is Necessary to Prevent the use of a void order to enforce exparte Order Appointing Plaintiff [Elizabeth Shimota] Legal Representative for B&T Investments, LLC, December 9, 2022, obtained by Respondents officers of the court, as void and contrary to Minnesota law.

A Writ is Necessary to Prevent the unauthorized sale of my business interests.

A Writ is appropriate to prevent the dissolution and sale of Petitioner's business B&T Investments, LLC.

On December 9, 2022, the district court ordered that the sale of the business when this was a matter not before the court, leaving Petitioner with no rights.

On this record, this court should exercise its supervisory authority over the district court and Respondent attorneys. This is necessary to prevent Respondent's from dissolving the business and selling the Petitioner's business interests and property solely to pay her judgments, those illegally obtained. Without this Court's intervention, the district court's orders continue to place in jeopardy Petitioners' right to his property and business interests.

## C. The Absence of Legal Authority, Jurisdiction, and Due Process is Evident

This Petition addresses squarely the *absence* of legal authority, jurisdiction, and due process for the post trial submissions of Respondent attorneys and the court decisions, and the unconstitutional application of the law.

There is no question that while Respondent attorney filed a barrage of motions upon entry of the case, none of those motions added claims, causes of action or parties to the case, which was filed against Thomas Shimota by Plaintiff Elizabeth Shimota.

There is no question that the Complaint or Amended Complaint or the Summary Judgement was between two individuals and the issues were narrowed.

There is no question that the B&T Automotive, Inc and B&T Investment, LLC were not parties and that Respondent court knew this as he had denied earlier motions by Plaintiff Elizabeth Shimota for an injunction that and her prior attorney brought to have rents distributed to her, and the court ruled res judicate that B&T Investments, LLC, was not a defendant and could not be enjoined. There is no question that the dissolution of the

business, B&T Investments, Inc, was not before the court before, during or after the June 21-23, 2022 trial.

Attorney ,Craig Foss, has filed an affidavit of Attorney to support of a writ of prohibition and stay of sale of business, B&T Investments, LLC, dated May 24, 2023. (Aff. Foss)  Attorney Foss represented Petitioner, Thomas Shimota, the  Defendant in district court in connection with the defense of claims of Elizabeth Shimota, Elizabeth Shimota v. Thomas Shimota, court file no. 70-cv-18-6768.  He filed his  certificate of representation on January 14, 2022.

Attorney Foss represented Mr. Shimota at the  trial that was conducted before Judge Martin Fallon, June 21-23, 2022.

He states that "*there were no other parties to this case*" and that " *the only parties were Thomas Shimota and Elizabeth Shimota.*"

He further confirms that "*The companies owned by Mr. Shimota, B&T Automotive, Inc.  and B&T Investments, LLC, were not parties to the case.*"

Respondent Elizabeth Shimota filed the case April 2018 (**Doc #1**).  He avers upon coming into the case he reviewed the pleadings in preparation for Mr. Shimota's defense, including the Amended Complaint, April 2019, portions of which are attached, and the summary judgment order of Judge Wilton, January 13, 2020. (aff. Foss p. 1).

He confirms that the "Plaintiff had brought motions to amend the complaint to add a breach of fiduciary duty claiming that Elizabeth Shimota was a member in B&T Investments, LLC"   and the her husband, Robert Shimota,  signed a joint certificate of membership on November 7, 2014,  4 days before his death, November 11, 2014. Mr. Shimota disputed her claims.

Attorney Foss' affidavit states that "In the Amended Complaint, Plaintiff's only prayer for relief relating to count 5, breach of fiduciary duty, was to declare Mr. Shimota's Unanimous Written Consent of Managers/Members of B&T Investments, LLC, A Limited Liability Company, dated November 14, 2014 null, void and ineffective, which I [Craig Foss] defended at trial. "

He confirms *"There was no claim that I was defending requesting a dissolution of the business, B&T Investment, LLC , or a sale of all of the business assets of B&T Investments, LLC per chapter 322C.0701."*

Following the 3 day trial, Judge Fallon asked for proposed Findings of Fact from the , Respondent Ms. Wolgram, attorney for Elizabeth Shimota submitted proposed findings to Judge Fallon's clerk on July 22, 2022. Attorney Foss confirmed, and this Court can determine for itself that "Ms Wolfgram's proposed findings contained causes of action involving and against parties, like B&T Investments, LLC and B&T Automotive, Inc that were not litigated at the trial. "

Attorney Foss confirms that Petitioner "Mr. Shimota, and myself on his behalf, had no opportunity to defend claims that were not in play, specifically, a dissolution of the company, B&T Investments, LLC and ordered a sale of the building in New Prague. This was not litigated or part of the case. " He ends with "The court decided issues that were not before it. " He avers, as Petitioner has pleaded with the Respondent court all along that " The forms of relief granted in Order 3 (a)-(m) of the Findings of Fact, Conclusions of Law , Order for Judgement, October 6, 2022 were not in play," and that these forms of relief " were *first* mentioned in proposed orders that Cassandra Wolfgram,

23

attorney for Plaintiff," submitted post trial.   These forms of relief were not included in
the Complaint, amended complaint, summary judgement, or litigated at trial.

As Attorney Foss further states that " The judge ordered a process of collection,
such as forced refinancing 3(a), satisfying a mortgage 3(b), dissolving an LLC 3(c),
precluding spending 3(d), listing real property and property for sale 3(h), allocating sales
proceeds to the judgements 3(j) and (k), enforcing Judgements against other companies
3(m). "

*"These were not before the court at trial and were not litigated at trial.* ' says
Attorney Craig Foss, which Petitioner has been trying to tell Respondent Judge all along.

### D. Petitioner's Motion for Fraud on the Court against Respondent Attorneys is pending since April 14, 2023

The United States Court of Appeals for the Eighth Circuit has characterized fraud
on the court as "a scheme to interfere with the judicial machinery performing the task of
impartial adjudication, as by preventing the opposing party from fairly presenting [their]
case * * *." Pfizer, Inc. v. International Rectifier Corp., 538 F.2d 180, 195 (8th Cir.1976)
(citing, inter alia, Kupferman v. Consolidated Research & Mfg. Corp., 459 F.2d 1072,
1078 (2d Cir.1972); England v. Doyle, 281 F.2d 304, 309 (9th Cir.1960)). Miranda v.
Maranda, 449 NW 2d 158, 165 (Minn.1989) A finding of fraud on the court and the
administration of justice must be made under the peculiar facts of each case. Lindsey v.
Lindsey, 388 N.W.2d 713, 716 (Minn.1986). Id at 164.

Respondent attorney Cassandra Wolfgram continues to represent that these
matters were litigated and that Petitioner's post -trial motion December 2, 2022, and
motion for fraud on the court, May 22, 2022,  were relitigating the issues at trial ---- not
true.

24

The hearing on May 22, 2023 was the first hearing where Petitioner, Thomas Shimota, asked to vacate the December 9 Order Appointing Elizabeth Shimota as Legal Representative of B&T Investments, LLC, and restore his property rights due to the false representations on the court by Respondent attorneys and the resultant orders.

The Petitioner , Thomas Shimota's motions for fraud on the court and to have the orders vacated have resulted in further abuse of process and an additional barrage of motions by Respondent attorneys, culminating in an announcement at the May 22, 2023 hearing that the business and property were "sold" and her injunction was withdrawn. **(Index 301-338)** On May 22, 2023, Respondent district court took matters "under advisement" and seemed oblivious to the announcement.

### E. Respondent Court and Respondent Attorneys Violated Substantive and Procedural Due Process Rights

The Respondent court and Respondent attorneys dispensed with the law and field of due process and civil procedure altogether. As a consequence of the improper orders of October 6 dissolving the business, the judge issued other improper judicial orders, December 9, that all stemmed from the initial *ex parte* order of October 6, 2023. These orders were exparte because they were *only* contained in Respondent attorney's proposed orders, and were signed by Respondent court.

The Orders are sweeping. The ex parte orders , inter alia, summarily deprived the Petitioner of his property rights.

. Appellate review at the conclusion of these proceedings will be ineffective. Respondent Court had no discretion and, therefore, has abused its discretion and or acted in excess of its jurisdiction by the October 6, and December 9 Order which deprived

25

Petitioner without notice and an opportunity to be heard, in violation of Minnesota Law and the State and Federal Constitution . There is no jurisdiction or statutory authority for the Court's order, and Petitioner was not afforded due process.

Respondent Court had no discretion and, therefore, has abused its discretion and or acted in excess of its jurisdiction by  signing the exparte Order for Legal Representative of B&T Investments, LLC, which deprived Petitioner of his rights. without notice and an opportunity to be heard, in violation of Minnesota Law and the State and Federal Constitution . There is no jurisdiction or statutory authority for the court's orders, and Petitioner was not afforded due process.

Petitioner has no plain, speedy, adequate remedy in the ordinary course of law, other than the relief sought in this petition for writ, because the orders were immediately enforceable , and reviewable only on appeal from the entire judgment or on petition for extraordinary writ under Minn. App. Rule 120.

### III.   THE TRIAL COURT'S ORDERS OF OCTOBER 6 AND DECEMBER 9 ENTERED OUTSIDE OF ITS JURISDICTION, AUTHORITY ARE VOID.

Respondent Court did not have authority or jurisdiction.  When a trial court issues an order outside its power and authority, that order is void.  A void order is a nullity and has no effect.  Based on the record, it is proper to conclude the Respondent's Void October 6 and December 9 Order appointing  Plaintiff  a legal representative of B&T Investments, LLC with "exclusive authority"  and other extreme control  was entered with no authority or jurisdiction.

### A.   MANDAMUS IS PROPER IF THE TRIAL COURT'S ORDER IS VOID

It is well settled that issuing a void order is a clear abuse of discretion subject to correction by mandamus. For mandamus to issue, the trial court must commit a clear abuse of discretion for which there is no adequate remedy at law. A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. Thus, a clear abuse of discretion warranting correction by mandamus occurs when a court issues a decision without basis or guiding principles of law, such as when it is without jurisdiction.

A trial court has no discretion in determining what the law is concerning jurisdiction, or applying the law to the circumstances.  **If a trial court issues an order beyond its jurisdiction, mandamus relief is appropriate because such an order is void ab initio.**  Ab initio is a Latin term that means "from the beginning" or "from inception." Ab initio is used to indicate that some fact existed from the start of a relevant time period. It is often used as part of the phrase "void ab initio," meaning something - such the order was void from the beginning.  **And when an order is void, the Petitioner need not also show the lack of an adequate appellate remedy to make mandamus relief appropriate**. Indeed, void orders can be challenged by mandamus, whether or not there is an adequate remedy by appeal.

Taking the preceding principles and applying them in this context leads to the legal conclusion that Respondent's Void October 6 Order may be corrected by mandamus because mandamus is proper if the trial court's order is void.

In particular the Void Orders of October 6 and December 9 are frought with constitutional and statutory abuses, as well as factual and legal inaccuracies, but those need not be considered at this point. For now, without addressing the deficiencies or the deficiencies in the Void October 6 2022, and December 9, 2022 Order that followed – this

Court may, and should, issue a writ for mandamus to ensure Respondent Court and Respondent Attorneys do not enforce the Orders.

## IV . REQUEST FOR EMERGENCY STAY/PREEMPOTORY WRIT, VOID COURT ORDERS, BRIEFING AND ORAL ARGUMENT

Petitioner, Thomas Shimota, requests and Emergency stay of the Order of October 6, 2022 and Order of December 9, 2022, as to the dissolution of my business, B&T Investments, LLC and the sale of my real property, located at 1401 Main Street East, New Prague, MN. He requests that these orders be determined to be void which will restore his property rights.

Petitioner has owned the New Prague building since 1994. The New Prague building is in the name of B&T Investments, LLC, transferred in 20007. B&T Investments , LLC is a wholly owned subsidiary of B&T Automotive, Inc, established in 1988.

Neither B&T Investments, LLC, nor B&T Automotive, Inc. were parties to this action. The Orders of October 6, and Orders of December 9 were outside the authority of the court, and circumvented the rule of law, Minnesota law and notice rules and laws on dissolution of business and collection of judgments, giving Elizabeth Shimota all control of B&T Investments, LLC , the sale and the sales proceeds to pay her judgments, and usurping all of my rights.

The sale of the New Prague building which I owned and invested in since 1994 will be irreparable damage to me. This is the culmination of my life's work.

Petitioner was in business with my brother since the 1988, 50/50 and that included B&T Automotive and the New Prague building, B&T Investments, LLC.

Aside from missing the fact that Petitioner purchased his brother's share of the businesses from Elizabeth Shimota as proxy by paying her directly , and not Bob's estate $800,000 cash, the Respondent Court missed the relationship of the entities, and the testimony of the accountant that B&T Investments, LLC was a wholly owned subsidiary of B&T Automotive, Inc, and always reported the New Prague building and rents on the corporate tax returns of B&T Automotive since my brother and I purchased the building in 1994.

Petitioner, will be irreparably harmed in the sale because all of Petitioner's business interest will be dissolved that he has worked for all of his life.

Petitioner will provide a Third Declaraton as to the continued abuse and exparte communications between and among Respondent Court and Respondent attorneys.

Petitioner respectfully requests an emergency stay of the district court's October 6 and December 9 order (doc #275 ,236) dissolving the business and sale of the property and the exparte Order making Plaintiff legal representative, and to declare the orders void.

## Conclusion

It is obvious that the district court has repeatedly exceeded its lawful authority by determining causes of action that were not before it, against parties that were not before it by dissolving B&T Investments, LLC, and placing judgments against B&T Automotive, Inc. This has resulted in a deprivation and usurpation of Petitioner's rights and authority to his business, B&T Investments, LLC and to the property it owns.

The district court has acted as a partial arbiter by signing the proposed post trial orders of Plaintiff's attorneys that included causes of action not tried, and by signing ex

parte "legal representative" orders proposed by Plaintiff's attorneys that give their client full control.

Accordingly Petitioners respectfully ask this court to issue such writs of prohibition/ mandamus restraining enforcement of the district court's October 6, 2022 orders, specifically 3 (a) – (m) dissolving B&T Investments, LLC and requiring its property to be sold, restraining the enforcement of the October 6, 2022 judgments against B&T Automotive, Inc. and vacating the exparte Order December 9, 2022 for granting exclusive "legal" authority to Plaintiff, depriving Petitioner of the rights to his business interests by voiding the order.

Petitioner further asks this court to provide an emergency stay of any enforcement of the Order, including stay of the sale of the business, B&T Investment, Inc, assets, and to consider sanctions against Respondent attorneys for their behaviors in the continued deprivation of rights.

May 25, 2023_____            /s/  Thomas Shimota_____
                                Thomas Shimota