## STATE OF MINNESOTA
## IN COURT OF APPEALS

Thomas Shimota,

    Petitioner

*FIRST* DECLARATION OF PETITIONER THOMAS SHIMOTA IN SUPPORT OF WRIT OF PROHIBITION AND EMERGENCY STAY OF SALE OF BUSINESS, B&T INVESTMENTS, LLC

vs.

DISTRICT COURT CASE NO. : 70-cv-18-6768
APPELLATE COURT CASE NO. :

Elizabeth Shimota,
Respondents

I, Petitioner, Thomas Shimota, hereby state and allege as follows:

1. I am the Petitioner in this case. I submit this declaration in support of a Petition for Writ, Rule 120, and an emergency stay of the Orders of October 6, 2022, and Order of December 9, 2022 as to the dissolution of my business, B&T Investments, LLC and the sale of my real property, located at 1401 Main Street E. New Prague, MN.

**Court documents**

2. For the Court's benefit, a copy of the *Findings of Fact, Conclusions of Law And Order for Judgement, dated October 6, 2022* is attached here as **Exhibit 1**

3. I highlighted Order 3 (a) through (m) on page 30 -31, which includes ordering that B&T Investments be "judicially dissolved" and the sale of "Investments New Prague Property."

4. The dissolution and sale of my business, B&T Investments, LLC and other items in Judge Fallon's Order (a) – (m) were not litigated and never part of this case.

5. My companies, B&T Investments, LLC or B&T Automotive were never parties to this case.

6. For the Court's benefit, a copy of the *ex parte* Order Appointing Plaintiff Legal Representative for B&T Investments, LLC., dated December 9, 2022 is attached here as **Exhibit 2.**

7. This December Order was requested ex parte by Cassandra Wolfgram, attorneys for Plaintiff, and signed by Judge Fallon. The Order Appointing Plaintiff Legal

1



Representative of B&T Investments, LLC was signed ex parte by Judge Fallon to enforce the Order of October 6, 2022, which dissolved the business, B&T Investments, LLC, the dissolution was never litigated or heard by Judge Fallon at the June 21-23, 2022 trial.

8. The ex parte Order of December 9, gave Plaintiff "exclusive authority to wind up the affairs of B&T Investments, LLC". However, the dissolution of the business, B&T Investments, LLC was never before the court.

9. For the Court's benefit, a copy of the email from Cassandra Wolfgram to Judge Fallon attaching a copy of "Plaintiff's proposed findings of fact" sent on July 22, 2022, after the trial is attached here as **Exhibit 3**

10. As you can determine, the court adopted nearly verbatim Cassandra Wolgram's proposed Findings of Fact, except for changing Thomas, to Defendant, Bob to Robert Shimota and Liza to Plaintiff and the numbering. (compare Exhibit 1 Judge Fallon's Orders to Exhibit 3).

11. All of the Plaintiff's attorney's proposed Conclusions of Law and Orders for Judgement on page 21-34 were adopted word-for-word as Judge Fallon's Conclusions of Law and Orders, pages 20-32 of the October 6, 2022 order.

12. On November 4, 2022, I motioned to vacate and set aside the judgements or orders October 6, 2022 of Judge Fallon pursuant to Rule 60.20, and asked Judge Fallon to amend Findings or for additional finding and for a new trial. I also included a motion for stay of execution of the orders.

13. For the Court's benefit, a copy of the post-trial Notice of Motion and Motion I served and filed is attached here as **Exhibit 4** My motion was heard on December 2, 2022.

14. While my motion was pending, Plaintiff's attorney sent emails and letter to Judge Fallon with a *proposed* Order Appointing Plaintiff Personal Representative. The series of emails and letters state that the order is "solely to clarify Plaintiff's authority to act for B&T investments" **Exhibits 5 and 6**

15. In her letter to Judge Fallon of December 2, 2022, she states "Plaintiff is the sole remaining member", which is untrue. **Exhibit 7**

16. In her letter December 2 to Judge Fallon, she states also that *"Associated Bank has stated that the Court's October 6, 2022 Order does not expressly stated that Plaintiff has authority to act for B&T Investments, LLC. They [the bank] has requested an additional order clarifying that Plaintiff Elizabeth Shimota has authority to act and access all accounts…"* **Id**

17. In her letter she further states that *"To preclude any issues, Plaintiff also requests the proposed order to expedite the closing scheduled for January 30, 2023."* **Id**

18. In her email to the Judge on December 5, she stated "consistent with my correspondence of Friday, the exparte order is to clarify that Elizabeth Shimota has authority to act on behalf of B&T Investments, LLC, including selling the real estate" **Exhibit 8**

19. Plaintiff's attorney in that same email states that "Thomas does not have any right or legal authority.. " **Id**

20. Plaintiff's attorney further states that Thomas "has not made any motion to stay judgement" which is untrue, and my motion was pending before Judge Fallon. **Id**
21. In my email to Judge Fallon, I stated:

    *"I have been completely shut out of the management of a building I had ownership interest in since the 1980's by Ms. Wolfgram who froze accounts. "* **Exhibit 9**

22. On December 9, 2022 at 9:49 am Judge Fallon signed the Order denying my summarily denying all of my motions. **Exhibit 10**

23. On December 9, 2022 at 9:51 am Judge Fallon signed the ex parte Order Appointing Plaintiff Legal Representative for B&T Investments, LLC

24. As you can see, I have been completely deprived by Judge Fallon's wrongful orders of my liberties with my property and business by his court orders, and writs of mandamus and prohibition, and a stay of the enforcement of the orders and sale is appropriate. Cassandra Wolfgram is also responsible as I believe that she deceived him with her proposed trial orders containing matters that were not even in the trial, but the Judge is ultimately responsible. My fraud on the court motion before Judge Fallon asserting that Ms. Wolfgram disrupted the judicial machinery and tricked a busy judge is pending.

25. I will continue this Declaration in the *Second Declaration of Petitioner Thomas Shimota* starting with Exhibit 11.

26. To be continued.


**I declare under penalty of perjury that everything I have stated in this document is true and correct. Minn. Stat. § 358.116.**

Dated: May 24, 2023

*[signature]*
Thomas Shimota

3