## STATE OF MINNESOTA
## IN COURT OF APPEALS

Thomas Shimota,

       Petitioner

AFFIDAVIT OF CRAIG FOSS
IN SUPPORT OF WRIT OF PROHIBITION AND
STAY OF SALE OF BUSINESS, B&T
INVESTMENTS, LLC

vs.

DISTRICT COURT CASE NO. : 70-cv-18-6768
APPELLATE COURT CASE NO. :

Elizabeth Shimota

Respondent

---

I, Craig Foss, being first duly sworn upon oath, state and depose as follows:

1. I represented the Petitioner, Thomas Shimota, a Defendant in district court in connection with the defense of claims of Elizabeth Shimota in the district court matter, Elizabeth Shimota v. Thomas Shimota, court file no. 70-cv-18-6768.

2. I filed my certificate of representation on January 14, 2022. I have been practicing law since 1995, for 28 years. I represented Mr. Shimota at the trial that was conducted before Judge Martin Fallon, June 21-23, 2022.

3. There were no other parties to this case. The only parties were Thomas Shimota and Elizabeth Shimota. The companies owned by Mr. Shimota, B&T Automotive, Inc. and B&T Investments, LLC, were not parties to the case.

4. Upon representation I reviewed the pleadings in preparation for Mr. Shimota's defense, including the Amended Complaint, April 2019, portions of which are attached, and the summary judgment order of Judge Wilton, January 13, 2020.

5. The Plaintiff had brought motions to amend the complaint to add a breach of fiduciary duty claiming that Elizabeth Shimota was a member in B&T Investments, LLC and that her husband, Robert Shimota, signed a joint certificate of membership on

EXHIBIT E

November 7, 2014, 4 days before his death, November 11, 2014. Mr. Shimota disputed her claims.

6. In the Amended Complaint, Plaintiff's only prayer for relief relating to count 5, breach of fiduciary duty, was to declare Mr. Shimota's Unanimous Written Consent of Managers/Members of B&T Investments, LLC, A Limited Liability Company, dated November 14, 2014 null, void and ineffective, which I defended at trial.

7. There was no claim that I was defending requesting a dissolution of the business, B&T Investment, LLC, or a sale of all of the business assets of B&T Investments, LLC per chapter 322C.0701.

8. Following the 3 day trial, Judge Fallon asked for proposed Findings of Fact from the attorneys. Ms. Wolgram, attorney for Elizabeth Shimota submitted proposed findings to Judge Fallon's clerk on July 22, 2022.

9. Ms Wolfgram's proposed findings contained causes of action involving and against parties, like B&T Investments, LLC and B&T Automotive, Inc that were not litigated at the trial. Mr. Shimota, and myself on his behalf, had no opportunity to defend claims that were not in play, specifically, a dissolution of the company, B&T Investments, LLC and ordered a sale of the building in New Prague. This was not litigated or part of the case.

10. The court decided issues that were not before it.

11. The forms of relief granted in Order 3 (a)-(m) of the Findings of Fact, Conclusions of Law, Order for Judgement, October 6, 2022 were not in play, and were first mentioned in proposed orders that Cassandra Wolfgram, attorney for Plaintiff, prepared. These forms of relief were not included in the Complaint, amended complaint, summary judgement, or litigated at trial.

12. The judge ordered a process of collection, such as forced refinancing 3(a), satisfying a mortgage 3(b), dissolving an LLC 3(c), precluding spending 3(d), listing real property and property for sale 3(h), allocating sales proceeds to the judgements 3(j) and (k), enforcing Judgements against other companies 3(m).

13. These were not before the court at trial and were not litigated at trial.

**I declare under penalty of perjury that everything I have stated in this document is true and correct. Minn. Stat. § 358.116.**

Dated: May 24  2023.

_____
Craig Foss

# UNANIMOUS WRITTEN CONSENT OF MANAGERS/MEMBERS OF B&T INVESTMENTS, LLC A LIMITED LIABILITY COMPANY

The undersigned, members of B&T Investments, LLC ("Company"), in accordance with the Operating Agreement of B&T Investments, LLC, September 29, 2007, hereby adopt the following written consent.

WHEREAS, the undersigned is the organizer of the Company pursuant to the Articles of Incorporation, filed September 26, 2007; and

WHEREAS, the Operating Agreement of the Company states at paragraph 3.1 that the Company shall have one or more natural persons exercising the functions of the positions of President, Chief Manager, Vice President, Secretary and Treasurer; and

WHEREAS, the Articles of Organization provided that Robert J. Shimota and Thomas G. Shimota were elected to the offices of Company to serve in the stated capacities until the election and qualification of their successor (s); and

WHEREAS, the Company has had two Members/Managers since the inception of the Company; and

WHEREAS, on November 11, 2014, Member/Manager, Robert J. Shimota died. A true and correct copy of his death certificate is attached.

WHEREAS, the Operating Agreement provides in paragraph 2.3 that vacancies on the Board of Governor resulting from death may be filled by affirmative vote of a majority of the remaining governors, even though less than a quorum.

WHEREAS, in light of the death of Robert J. Shimota, the undersigned is the sole Member/Manager of the Company; and

EXHIBIT C

**WHEREAS**, the Manager/Member signing this consent are the holders of all of the shares entitled to vote at the Company's meetings and on the following resolutions; and

**WHEREAS**, the undersigned desires to execute a written consent in lieu of formally holding a Members' meeting and agree that the adoption of the following resolutions shall be valid and have the same force and effect as though such resolutions had been adopted at a formal Managers' meeting; therefore, be it:

**RESOLVED**, that the following named persons are elected to the offices of Company set forth opposite their respective named below, who shall serve in the stated capacities until the election and qualification of their successor (s), with all other persons previously elected to any offices being hereby removed therefrom:

| Name | Office |
|---|---|
| Thomas G. Shimota | President |
| Thomas G. Shimota | Chief Manager |
| Thomas G. Shimota | Vice President |
| Thomas G. Shimota | Secretary |
| Thomas G. Shimota | Treasurer |

**RESOLVED**, that this written consent shall have the same force and effect as a formal Members' meeting for all purposes.

The undersigned direct that this written consent may be executed in multiple counterparts, all of which shall be considered originals and that this written consent, including multiple counterparts, be filed with the minutes of the proceedings of the Company.

DATED to be effective on November 11, 2014

_____
Thomas G. Shimota
Sole Member and Sole Manager

EXHIBIT C